NO. 07-00-0357-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 8, 2000

______________________________

TERRANCE RAMON SPELLMON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 180
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 839067; HONORABLE DEBBIE MANTOOTH STRICKLIN, JUDGE

___________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Terrance Ramon Spellmon appeals from his conviction for robbery pursuant to a plea bargain and guilty plea.  We dismiss for lack of jurisdiction.  

Appellant  was charged with robbery in cause number 839067 in the 180th Criminal District Court of Harris County (the trial court).  Appellant entered into a plea bargain with the State by which he agreed to plead guilty in exchange for a sentence of nine years incarceration in the Texas Department of Criminal Justice, Institutional Division.  The plea bargain was in writing and signed by appellant, his attorney and the State’s attorney.  The trial court accepted the plea bargain.  

Punishment was imposed in open court on March 16, 2000.  Judgment was signed on March 16, 2000, reflecting punishment of seven years incarceration.  A motion for new trial was not filed.  On June 7, 2000, appellant filed a 
pro se
 Motion For Leave to Appeal.  On June 20, 2000, the trial judge signed a Judgment Nunc Pro Tunc to correct appellant’s punishment to nine years incarceration.  On June 23, 2000, the trial court appointed appellate counsel for appellant.  

            Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof.  In support of the motion to withdraw, counsel has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which an arguably meritorious appeal can be predicated.  Counsel additionally concludes that notice of appeal was not timely given to invoke jurisdiction of the appellate court.  Counsel thus concludes that the appeal is without merit.  Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or  judgment.  
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).   

Counsel has averred that a copy of the 
Anders
 brief and his Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant’s right to review the record and file a response to counsel’s motion and brief.  Appellant has filed a response to counsel’s motion and brief.  Appellant’s response consists of a Motion For Leave to File Original Copy of Motion to Abate and Motion For Appointment of Counsel, a Motion to Abate Brief Filed by Appellant’s Counsel and a Motion for Appointment of Counsel.  One part of his Motion to Abate Brief Filed by Appellant’s Counsel addresses the timeliness of appellant’s motion/notice to appeal.  Appellant asserts that his appeal is timely because Article 44.04 of the Code Criminal Procedure allows the trial court “for good cause shown, . . .  [to] permit the giving of appeal [sic] after the expiration of 10 days.”  

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal.  
See
 
Penson v. Ohio
, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed2d 300 (1988); 
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We agree that timely notice of appeal was not given, and that we do not have jurisdiction to address the merits of the appeal.    

Sentence was imposed on March 16, 2000.  No motion for new trial was filed.  Notice of appeal was not given until June 7, 2000.  Article 44.04 of the Code of Criminal Procedure which appellant refers to in his 
pro se
 response provides rules and procedures for bond pending appeal.  Appellant’s reference to Article 44.04 is not relevant to the question of this court’s jurisdiction over the merits of his appeal.  

In a criminal case, appeal is perfected by timely filing a notice of appeal.  
Tex. R. App. P.
 25.2(a).  The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed. 
TRAP
  26.2(a).  The time for filing a notice of appeal may be extended for 15 days under certain circumstances. 
TRAP
 26.3.  If the time for filing a notice of appeal is to be extended, both a notice of appeal and a motion for extension of time which complies with TRAP 10.5(b) must be filed within the 15 day period.  TRAP 26.3;  
Olivo v. State
, 918 S.W.2d 519, 523-25 (Tex.Crim.App. 1996).  If an appeal is not timely perfected, a court of appeals does not have jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); 
Olivo v. State
, 918 S.W.2d at 523-25.

Appellant’s notice of appeal was not filed until over 60 days after sentence was imposed.  The notice was not timely to invoke our jurisdiction.  We do not have jurisdiction to address the merits of appellant’s appeal, and can only dismiss the appeal.  
Id
.  

Appellate counsel’s Motion to Withdraw is granted.  Appellant’s Motion For Leave to File Original Copy of Motion to Abate and Motion For Appointment of Counsel is granted, and the originals of such motions will be filed by the clerk.  Because we are dismissing the appeal for lack of jurisdiction, however, we do not address the merits of either appellant’s Motion to Abate Brief Filed by Appellant’s Counsel or his Motion for Appointment of Counsel. 

The appeal is dismissed for lack of jurisdiction.  
Tex. R. App. P
. 43.2(f).  

Phil Johnson

    Justice

Do not publish.